**Floyd Curry CURRY, aka Floyd Wilson Curry, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. C14–89–276–CR.**

Court of Appeals of Texas, Houston (14th Dist.).

Oct. 5, 1989.

Rehearing Denied Oct. 26, 1989.

Discretionary Review Granted Feb. 28, 1990.

Victor R. Blaine, Houston, for appellant.

J. Harvey Hudson, Houston, for appellee.

Before PAUL PRESSLER, CANNON and ELLIS, JJ.

## OPINION

ELLIS, Justice.

Appellant, Floyd Wilson Curry, appeals his judgment of conviction for the offense of possession of a controlled substance, to wit cocaine of less than 28 grams. TEX. REV.CIV.STAT.ART. 4476–15 § 4.04(b) (Vernon Supp.1989). After his motion to suppress was denied, appellant waived a trial by jury and pled "not guilty" to the Court. After examining the stipulated evidence the Court found him guilty and assessed his punishment at seven years in the Texas Department of Corrections, probated for seven years and a five hundred dollar fine. We affirm the judgment of the trial court.

On April 28, 1988, Houston Police Department Vice Officer, G.D. Todd, obtained a search warrant for 2300 Milam. The search warrant concerned itself with illegal bookmaking operations at that location. Officer Todd had conducted a surveillance at the location and determined the appellant was present at the 2300 Milam location. Officer Todd confirmed that appellant had two outstanding warrants for traffic violations out of Precinct 4, Position 1, in Harris County, Texas. Officer Todd and

other officers executed the search warrant on April 28, 1988, at 2300 Milam, Houston, Harris County, Texas and arrested appellant on the warrants.

In a search of appellant's person incident to that arrest, Houston Police Officer, K.D. Templeton, found 5.7 grams of cocaine. The cocaine was found in appellant's shirt pocket. Officer Templeton handed the cocaine to Officer H.L. Lewis who placed the cocaine in the narcotics lockbox of the Houston Police Department Crime Lab. Claudia Busby, a chemist with the Houston Police Department, received the cocaine, tested it and weighed it. The substance was determined to be cocaine weighing 5.7 grams (less than 28 grams by aggregate weight including any adulterants and dilutants). The search warrant for the premises at 2300 Milam contained the name of a Scott Flanagan. Floyd Curry was not named in the search warrant but his presence at the Milam location was known to the officers before they made the search on April 28, 1988.

Appellant submits in his sole point of error that the Court erred by failing to sustain his Motion to Suppress the Evidence upon his arrest and search of his person. Appellant asserts that the evidence of the cocaine was seized in violation of the law and should not have been admitted into evidence at trial contrary to the provisions of article 38.23 of the Tex.Code Crim.Pro.Ann. Specifically, appellant contends that the "traffic warrants" upon which he was arrested were invalid since they were not supported by affidavits stating probable cause.

The warrants in this case ordered the arrest of the appellant for the offense of speeding and failing to maintain proof of liability insurance. The supporting affidavits are similarly worded and state, in pertinent part, that the affiant "has good reason to believe and does believe that based on the following information, to wit: citation no. 4–66952 issued by P. Carpenter, HCCP, Curry, Floyd Wilson, hereafter styled the defendant, heretofore on or about 8–1–87 [or 8–7–87], in Precinct Four of Harris County, Texas, did then and there

unlawfully, while operating a motor vehicle upon a public highway and street committed the offense of speeding and/or failing to maintain a policy of automobile liability insurance."

It is well established that an affiant's mere conclusion that a defendant has committed an offense is not sufficient to support a determination of probable cause. *Miller v. State*, 736 S.W.2d 643, 647 (Tex. Crim.App.1987); *Green v. State*, 615 S.W.2d 700, 706 (Tex.Crim.App.1981) *cert denied* 454 U.S. 952, 102 S.Ct. 490, 70 L.Ed.2d 258 (1981); *Knox v. State*, 586 S.W.2d 504, 506 (Tex.Crim.App.1979).

In the instant case, the affiant's conclusion is based upon citations issued to appellant by a named peace officer. A citation is any summons, ticket, or other official document issued by a police officer for a traffic violation containing an order which requires the motorist to respond. Tex.Rev. Civ.Stat.Ann. art. 6701d–23, § 1, Art. 2(b)(1) (Vernon Supp.1989). We notice that the State only introduced into evidence a copy of the two affidavits and warrants but not the citations. Presumably, the citations provided the court clerk, the affiant, with statements from the named police officer describing the offense and the fact that they were committed in his presence. The affidavits without the citations attached may not have demonstrated the existence of probable cause.

We find that even if the affidavits do not adequately demonstrate the existence of probable cause, the trial court did not err in refusing to suppress the cocaine. Effective September 1, 1987, an exception to the statutory exclusionary rule was created to permit the admission of evidence seized in good faith reliance upon a warrant. Tex Code Crim.Pro.Ann. art. 38.23(b) (Vernon Supp.1989).

### Art. 38.23. Evidence not to be used

(a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America,

shall be admitted in evidence against the accused on the trial of any criminal case. In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

(b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.   Amended by Acts 1987, 70th Leg., ch. 546, § 1, eff. Sept. 1, 1987.

In evaluating the need for a good faith exception to the exclusionary rule, the U.S. Supreme Court reasoned that punishment of police by exclusion of improperly obtained evidence does not always serve the deterrent purpose behind the rule.  *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984).

We find that the police officers acted in good faith in arresting Floyd Curry on the traffic warrants and the trial court acted properly in overruling appellant's motion to suppress the cocaine.   Appellant's sole point of error is overruled.

Accordingly, the judgment of the trial court is affirmed.