Floyd CURRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 1468–89.

Court of Criminal Appeals of Texas,
En Banc.

April 10, 1991.

Rehearing Overruled May 15, 1991.

Victor R. Baline, Houston, for appellant.

John B. Holmes, Jr., Dist. Atty. and J. Harvey Hudson, Asst. Dist. Atty., Houston, Robert Huttash, State's Atty., Austin, for the State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

BAIRD, Judge.

Appellant was convicted of possession of a controlled substance. Punishment was assessed at seven years, probated, and a fine of $500.00. Appellant's conviction was affirmed in *Curry v. State*, 780 S.W.2d 825 (Tex.App.—Houston [14th] 1989). We granted review to determine whether the Court of Appeals misconstrued Tex.Code Crim.Proc.Ann. art. 38.23(b). See Tex.R. App.Proc.Rule 200(c)(4).

The facts of this case are adequately set forth in the opinion of the Court of Appeals:

On April 28, 1988, Houston Police Department Vice Officer, G.D. Todd, obtained a search warrant for 2300 Milam. The search warrant concerned itself with illegal bookmaking operations at that location. Officer Todd had conducted surveillance at the location and determined the appellant was present at the 2300 Milam location. Officer Todd confirmed that appellant had two outstanding warrants for traffic violations.... Officer Todd and other officers executed the search warrant on April 28, 1988, at 2300 Milam ... and arrested appellant on the [traffic] warrants.

In a search of appellant's person incident to that arrest, Houston Police Officer, K.D. Templeton, found 5.7 grams of cocaine.... The search warrant for the premises at 2300 Milam contained the name of Scott Flanagan. Floyd Curry was not named in the search warrant but his presence at the Milam location was

known to the officers before they made the search on April 28, 1988.

Id., at 825.

Prior to trial, Appellant challenged his arrest and the subsequent search alleging that the traffic warrants were not supported by affidavits stating probable cause. The trial court denied the motion to suppress. Appellant waived a trial by jury and pled "not guilty." After examining the stipulated evidence, the trial court found appellant guilty of possessing the alleged cocaine.

Appellant reurged his challenge to the warrants on direct appeal. The Court of Appeals held that while the affidavits "*may* not have demonstrated the existence of probable cause," *Id.* at 826 [Emphasis added.] the arrest and search of appellant was lawful because the arresting officer acted in good faith in executing the traffic warrants. To support its holding, the Court of Appeals relied on Tex.Code Crim. Proc.Ann. art. 38.23(b), which provides:

> "It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective and good faith reliance upon a warrant issued by a neutral magistrate *based on probable cause.*" [Emphasis added.]

■ The plain wording of Art. 38.23(b) requires an initial determination of probable cause. Appellant argues that the Court of Appeals misconstrued Art. 38.23(b) after having found the affidavits underlying the traffic warrants may not have established probable cause.

■ In *Gordon v. State,* 801 S.W.2d 899 (Tex.Cr.App., 1990), it was stated:

> "... We also note the appeals court was incorrect in finding the statute a codification of *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), because *Art. 38.23(b) requires a finding of probable cause,* while the exception enunciated in *Leon* appears more flexible in allowing a good faith excep-

tion if the officer's belief in probable cause is reasonable. Thus, we must direct our attention to the validity of the warrant and affidavit without recourse to any "good faith" exception to the warrant requirement." *Id.* at 912–13. [Emphasis added.]

As the Court of Appeals did not have the benefit of our opinion in *Gordon* at the time it rejected appellant's point of error, this cause should be remanded to the Court of Appeals for reconsideration of appellant's point of error in light of *Gordon.*[1]

Accordingly, the judgment of the Court of Appeals is vacated and the cause remanded for further proceedings not inconsistent with this opinion.

1. An appellant's rights to representation by counsel upon remand were addressed by this Court in *Williams v. State,* 790 S.W.2d 336 (Tex. Cr.App.1990).