**Sift Oneybuchi IMO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 6–90–099–CR.**

Court of Appeals of Texas,
Texarkana.

March 4, 1992.

James P. Finstrom, Jefferson, for appellant.

Tony Hileman, Jefferson, for appellee.

Before CORNELIUS, C.J., and BLEIL and GRANT, JJ.

ON REMAND

GRANT, Justice.

The Court of Criminal Appeals returned this cause with directions to consider an argument which was not briefed in the initial appeal. 822 S.W.2d 635. This question was raised at trial, in combination with a series of constitutional arguments, but was not thereafter pursued.

■ The sole question now before us is whether evidence obtained through a search of Imo's residence was admissible under TEX.CODE CRIM.PROC.ANN. art. 38.23 (Vernon Supp.1991). That article provides:

> (a) No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case.
>
> . . . .
>
> (b) It is an exception to the provisions of Subsection (a) of this Article that the evidence was obtained by a law enforcement officer acting in objective good faith reliance upon a warrant issued by a neutral magistrate based on probable cause.

This article is more protective of individual rights than is the federal constitutional standard because it requires probable cause, while the exception set out in *United States v. Leon,* 468 U.S. 897, 104 S.Ct. 3405, 82 L.Ed.2d 677 (1984), is more flexible in application. *Curry v. State,* 808 S.W.2d 481, 482 (Tex.Crim.App.1991); *Gordon v. State,* 801 S.W.2d 899 (Tex.Crim.App.1990). Under the analysis set out in *Curry,* it is necessary that the warrant and affidavit be objectively based upon probable cause without recourse to any reasonable "good

faith" belief of the officer that probable cause existed.[1]

We concluded in our prior opinion that the affidavit was defective under both the probable cause requirements of Article 1, § 9 of the Texas Constitution and the fourth amendment of the United States Constitution.[2] Under the standard of Article 38.23, the evidence should have been excluded.

We find that the affidavit did not provide the magistrate with a basis from which to determine that probable cause existed and that the search warrant issued based upon that affidavit was unlawful. Accordingly, we find that the trial court erred by not suppressing the evidence obtained through the unlawful search of the residence. This point of error is sustained.

The admission of unlawfully seized evidence is trial error, and the proper remedy is to reverse the conviction and remand the cause for a new trial. *Schmidt v. State*, 659 S.W.2d 420, 422 (Tex.Crim.App. 1983).

The trial court's judgment is reversed, and the cause remanded for a new trial consistent with this opinion.

---

**1.** For an extensive discussion of the history and background of Tex.Code Crim.Proc.Ann. art. 38.23 and its predecessor statute, see *Imo v. State*, 816 S.W.2d 474 (Tex.App.–Texarkana 1991), *rev'd*, 822 S.W.2d 635 (Tex.Crim.App.1991).

**2.** *Imo v. State*, 816 S.W.2d 474, 478 (Tex.App.–Texarkana 1991), *rev'd*, 822 S.W.2d 635 (Tex.Crim.App.1991).